**19MAG 5241**

Approved: _____
DANIEL H. WOLF
Assistant United States Attorney

Before:   HONORABLE GABRIEL W. GORENSTEIN
          Chief United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :   COMPLAINT
                                       :
       - v. -                          :   Violations of 21 U.S.C.
                                       :   § 846; 18 U.S.C. §§
JORGE ROCHA-GOMEZ,                     :   924(c)(1)(a)(i) and 2
                                       :
                     Defendant.        :   COUNTY OF OFFENSES:
                                       :   BRONX
- - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK            )  ss:
SOUTHERN DISTRICT OF NEW YORK )

    PABLO E. HUERTA, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

## COUNT ONE
### (Narcotics Conspiracy)

    1.    In or about May 2019, in the Southern District of New York and elsewhere, JORGE ROCHA-GOMEZ, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree, together and with each other, to violate the narcotics laws of the United States.

    2.    It was a part and object of the conspiracy that JORGE ROCHA-GOMEZ, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

    3.    The controlled substances that JORGE ROCHA-GOMEZ, the defendant, conspired to distribute and possess with intent to distribute were:

1

a. 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B); and

b. Mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

**COUNT TWO**
**(Firearm Offense)**

4. On or about May 31, 2019, in the Southern District of New York and elsewhere, JORGE ROCHA-GOMEZ, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit, a .380 caliber Cobra Model FS 380 handgun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

The bases for my knowledge of the foregoing charges are, in part, as follows:

5. I am a Special Agent with HSI and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

<u>Information Provided by CS-1</u>

6. Based on information provided by a confidential source ("CS-1"[1]) to HSI agents, surveillance of a particular apartment

---

[1] On or about May 30, 2019, CS-1 called law enforcement to report that CS-1 was the victim of a crime, and provided information to

building in the Bronx, New York ("Building-1") conducted by HSI agents, my discussions with HSI agents, and my training and experience, I have learned the following, in substance and in part:

    a. During the last three years, on approximately thirteen separate occasions, CS-1 delivered, among other items, cocaine and heroin to an individual known to CS-1 as "P.J." who resides in a particular apartment located in Building-1 ("Apartment-1"). CS-1 estimates that, on each of those approximately thirteen occasions, CS-1 delivered approximately 7-10 kilograms of cocaine and/or heroin.

    b. As recently as two weeks ago, in or about May 2019, CS-1 decided that CS-1 no longer desired to work with P.J. and others to distribute cocaine and heroin. In connection with that decision, CS-1 returned to P.J. at Apartment-1 approximately 5 kilograms of heroin and 2 kilograms of cocaine that CS-1 had previously obtained from an associate of P.J.

    c. On or about May 31, 2019, CS-1 identified a photograph depicting JORGE ROCHA-GOMEZ, the defendant, as depicting the individual known to CS-1 as P.J.

### The Search of Apartment-1

7. Based on my participation in this investigation, including my review of law enforcement records and reports, my conversations with other law enforcement officers, and my training and experience, I have learned the following, in substance and in part:

    a. On or about May 31, 2019, HSI agents obtained and executed a judicially authorized search warrant authorizing a search of Apartment-1, which has two bedrooms (the "Apartment-1 Search").

    b. Upon entering Apartment-1, the only individual found inside Apartment-1 by the HSI agents was JORGE ROCHA-GOMEZ, the defendant, who later identified himself to HSI agents as "Jorge Rocha-Gomez." During the Apartment-1 Search, HSI agents found and seized mail from Apartment-1 addressed to ROCHA-GOMEZ identifying his address as that of Apartment-1, as

---

law enforcement. Information provided by CS-1 has been corroborated by independent evidence and led to the seizure of narcotics, as described herein.

well as a passport (the "Passport") issued by the Dominican Republic to "Jorge Rocha-Gomez" and bearing a photograph of an individual I recognize to be ROCHA-GOMEZ. The Passport was found inside one of the two bedrooms (the "Rocha-Gomez Bedroom") inside Apartment-1.

   c. During the Apartment-1 Search, HSI agents found and seized three separate bagged substances ("Substance-1," "Substance-2," and "Substance-3," collectively, the "Substances") inside the Rocha-Gomez Bedroom.

   d. On or about May 31, 2019, and June 1, 2019, each of Substance-1, Substance-2, and Substance-3 was weighed and field tested, as follows:

    i. Substance-1 was weighed and determined to be approximately 218 grams, and field tested positive for the presence of heroin.

    ii. Substance-2 was weighed and determined to be approximately 257 grams, and field tested positive for the presence of cocaine.

    iii. Substance-3 was weighed and determined to be approximately 813 grams, and field tested positive for the presence of phenacetin. Based on my training and experience, I know that phenacetin is a substance often used as a mixing agent with cocaine in connection with the distribution of cocaine.

   e. During the Apartment-1 Search, HSI agents also found and seized, among other items, the following items that, based on my training and experience, I believe to be consistent with, and commonly used in the course of, narcotics distribution:

    i. One ledger that appears to identify narcotics transactions;

    ii. Two cartons of plastic baggies that, based on my training and experience, I believe were for use in packaging narcotics into smaller quantities for sale;

    iii. One hydraulic press for packing or "bricking" kilogram-quantities of narcotics that appeared to contain, based on my training and experience and conversations with other HSI agents, residue of substances I believe to be narcotics;

    iv. Two drug "mixers" that appeared to contain, based on my training and experience and conversations with other HSI agents, residue of substances I believe to be narcotics; and

    v. One scale that, based on my training and experience, I believe was used to weigh quantities of narcotics for sale.

   f. During the Apartment-1 Search, HSI agents also found and seized, among other items, a .380 caliber, Cobra model FS 380 handgun (the "Firearm"). The Firearm was found inside of a sock and underneath a couch cushion in the living room of Apartment-1.

### The Defendant's Post-Arrest Statement

 8. Based on my participation in this investigation, including my review of law enforcement records and reports, and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

   a. JORGE ROCHA-GOMEZ, the defendant, was arrested at the time of the Apartment-1 Search.

   b. After waiving his *Miranda* rights, ROCHA-GOMEZ agreed to be interviewed by law enforcement.

   c. ROCHA-GOMEZ stated, in substance and in part, that he lives in Apartment-1, stores narcotics in Apartment-1 on behalf of others, delivers such narcotics to others, and that he is compensated for his services.

   d. ROCHA-GOMEZ also stated, in substance and in part, that the Firearm was not his.

WHEREFORE, I respectfully request that JORGE ROCHA-GOMEZ, the defendant, be imprisoned, or bailed, as the case may be.

_____
PABLO E. HUERTA
Special Agent
HSI

Sworn to before me this
3rd day of June, 2019

_____
HONORABLE GABRIEL W. GORENSTEIN
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK